CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONALD LEE HESS, | ) | CASE NO. 7:16CV00262 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| BARRY VIERS, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Donald Lee Hess, proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, while incarcerated. This matter is before the court upon defendant's Motion to Dismiss, filed September 9, 2016. On September 12, 2015, the court mailed a notice advising Hess that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding defendants' evidence before ruling on defendants' motion. The notice warned Hess:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in [the] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

(Notice, ECF No. 16) (emphasis in original.) Since mailing the notice to Hess, the court has received no further communication from him about this case, and the deadline for his response to defendants' motion has passed. Accordingly, the court finds that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Hess has failed to prosecute this action. See gen. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

Moreover, Hess has not provided the court with his current address. By order entered June 7, 2016, the court advised Hess that failure to update a mailing address will result in dismissal of this action. The court's mailing dated September 26, 2016, to plaintiff at the address he provided with his complaint has been returned as undeliverable.

Therefore, for the reasons stated, the court will dismiss the action without prejudice. See Id. at 96 (stating pro se litigants are subject to time requirements and respect for court orders and dismissal without prejudice is an appropriate sanction for non-compliance); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)). An appropriate order will enter this day.

Hess is advised that if he intends to proceed with this action, he must petition the court within 30 days of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide specific explanation for his failure to respond in a timely fashion to defendant's dispositive motion and to provide the court with an updated address.

The Clerk is directed to send a copy of this order to the plaintiff and to counsel of record for the defendant.

**ENTER:** This 14th day of October, 2016.

_____
Chief United States District Judge

2

Case 7:16-cv-00262-GEC-RSB   Document 22   Filed 10/14/16   Page 2 of 2   Pageid#: 103